**Frank E. CISZEK, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 04–3200.**

United States Court of Appeals, Federal Circuit.

June 3, 2004.

Frank E. Ciszek, of Counsel, Greensburg, PA, for Petitioner.

Hillaire St. Paul, of Counsel, Office of Personnel Management, Harold D. Lester, Jr., David M. Cohen, Cristina C. Ashworth, of Counsel, Department of Justice, Washington, DC, for Respondent.

Before NEWMAN, LOURIE, and CLEVENGER, Circuit Judges.

*ORDER*

LOURIE, Circuit Judge.

Frank E. Ciszek submits a "Motion to Accept Appellant's Filing." We consider whether Ciszek's petition for review should be dismissed as untimely.

On December 5, 2003, an Administrative Judge (AJ) of the Merit Systems Protection Board issued an initial decision informing Ciszek that the AJ's decision would become a final Board decision on January 9, 2004. *See Ciszek v. Office of Personnel Management,* 0831–03–0350–I–1 (Dec. 5, 2003). The AJ's decision specified that any petition for review must be filed with this court within 60 days of the date the decision became final. Ciszek's petition for review was received by the court on March 11, 2004, 62 days after the AJ's decision became final.

Ciszek states that he mailed the petition for review on March 4, 2004 and that "[t]he normal delivery time should have been four days or less." However, a petition for review that is submitted by mail is not timely filed "unless the clerk receives the papers within the time fixed for filing." *See* Fed. R.App. P. 25(a)(2)(A).

The 60–day filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transportation, Federal Aviation Administraiton,* 735 F.2d 1335, 1336 (Fed.Cir.1984). Thus, Ciszek's petition for review was due in this court within 60 days of the date the initial decision became final, i.e., March 9, 2004. Because it was received on March 11, 2004, two days late, this court must dismiss Ciszek's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for review is dismissed.

(2) Ciszek's "Motion to Accept Appellant's Filing" is moot.

(3) Each side shall bear its own costs.